**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

STEPHEN KNOWLES, TRUSTEE OF THE )
BRICKLAYERS OF INDIANA RETIREMENT )
FUND, INDIANA BRICKLAYERS LOCAL 4 JOINT )
APPRENTICESHIP TRAINING COMMITTEE AND )
BRICKLAYERS AND ALLIED CRAFTWORKERS )
LOCAL 4 INDIANA/KENTUCKY AND LOUISVILLE )
PENSION FUND, )
                  Plaintiffs, ) No. 1:19-cv-5035-
                                 )
        v. )
                                   )
RESCO PRODUCTS, INC., a Pennsylvania foreign for- )
profit corporation, )
                                   )
                Defendant. )

## COMPLAINT

      Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN,

LLP, complain against Defendant, RESCO PRODUCTS, INC., as follows:

## JURISDICTION AND VENUE

1.      (a)      Jurisdiction of this cause is based upon Section 502 of the Employee Retirement

Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

      (b)      Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where

the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

## PARTIES

2.      (a)      The Plaintiffs in this count STEPHEN KNOWLES, TRUSTEE OF THE

BRICKLAYERS OF INDIANA RETIREMENT FUND, INDIANA BRICKLAYERS LOCAL 4

JOINT APPRENTICESHIP TRAINING COMMITTEE AND BRICKLAYERS AND ALLIED

CRAFTWORKERS LOCAL 4 INDIANA/KENTUCKY AND LOUISVILLE PENSON FUND

("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Bricklayers Union Local 4, IN/KY and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

3.     (a)     RESCO PRODUCTS, INC. (hereafter "RESCO"), employs persons performing bargaining unit work in the jurisdiction of Union and is bound to make contributions for hours worked by its bargaining unit employees.

(b)     RESCO has its principal place of business in Pittsburgh, Pennsylvania.

(c)     RESCO is an employer engaged in an industry affecting commerce.

4.     Since April 29, 2014, RESCO has entered into a collective bargaining agreement with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees. (Exhibit "A")

5.     By virtue of certain provisions contained in the collective bargaining agreements, RESCO is bound by the Trust Agreement establishing the Funds.

6.     Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, RESCO is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in

compliance with its obligation to contribute to the Funds.

7.      Plaintiffs are advised and believe that from **April 29, 2014 through the present,** RESCO has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.      RESCO be ordered to submit to an audit for **April 29, 2014 through the present.**

B.      Judgment be entered on any amounts found to be due on the audit.

C.      Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.      RESCO be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

STEPHEN KNOWLES, et. al.

By:     s/ Donald D. Schwartz
        One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415